**UNITED STATES of America, Plaintiff–Appellee,**

v.

**$79,010 IN U.S. CURRENCY, Defendant,**

and

**Quezon S. Gray, Claimant–Appellant.**

**No. 12–16151.**

United States Court of Appeals, Ninth Circuit.

cation and is not precedent except as provid-

Submitted Dec. 17, 2013.*

Filed Dec. 20, 2013.

Mark S. Kokanovich, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff-Appellee.

Quezon S. Gray, Kingman, AZ, pro se.

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

### MEMORANDUM **

Quezon S. Gray appeals pro se from the district court's summary judgment in a civil forfeiture action under 21 U.S.C. § 881(a)(6) for $79,010 in U.S. currency that officers seized from a hidden compartment of a trailer attached to a truck driven by Gray. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 637 (9th Cir.2012), and we affirm.

The undisputed evidence submitted by the government established, by a preponderance of the evidence, a substantial connection between the seized currency and illegal drug activity, and thus was sufficient to satisfy the government's burden of proof. *See* 18 U.S.C. § 983(c); *United States v. $22,474.00 in U.S. Currency*, 246 F.3d 1212, 1216–17 (9th Cir.2001) (stating that the claimant's conflicting statements and inability to answer simple questions supported an inference that the money was drug-related and that a prior conviction for drug trafficking provided the necessary link between the incriminating circumstances and illegal drugs); *United States v. $129, 727.00 in U.S. Currency*, 129 F.3d 486, 491 (9th Cir.1997) (stating that the distinctive manner in which the currency was wrapped in fabric softener sheets and plastic wrap provided the requisite nexus to drugs); *United States v. $29,959.00 in U.S. Currency*, 931 F.2d 549, 553 (9th Cir. 1991) (stating that carrying a large sum of cash is "strong evidence" of a connection to illegal drug activity).

Moreover, viewing the evidence in the light most favorable to Gray, he failed to present sufficient plausible evidence to establish, by a preponderance of the evidence, his innocent ownership of the seized currency, *see* 18 U.S.C. § 983(d), or to "create[ ] a genuine issue of material fact requiring a trial," *United States v. Currency, U.S. $42,500.00*, 283 F.3d 977, 984 (9th Cir.2002). Because no reasonable person could return a verdict for Gray based on the evidence presented, the district court properly granted summary judgment in favor of the government. *See $42,500.00*, 283 F.3d at 983–84; *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**AFFIRMED.**

---

ed by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument and, therefore, denies Gray's request for oral argument

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3. made in his opening brief. *See* Fed. R.App. P. 34(a)(2).